Lloyd Ambinder (LA 4122)
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd PLLC
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIUSZ UCINSKI and WOJTEK TANKIELUN, individually and on behalf of all other persons similarly situated who were employed by NEW YORK INTERIOR CONSTRUCTION, INC. and THE MANAGEMENT GROUP, INC.

Plaintiffs,

-against-

NEW YORK INTERIOR CONSTRUCTION, INC. and its affiliates, subsidiaries and related entities, THE MANAGEMENT GROUP, INC. and its affiliates, subsidiaries and related entities, FRED TAVERNA and DEAN LARKEY,

Defendants.

JUDGE PRESKA

08 CV 0088

Index:

**CLASS ACTION COMPLAINT**



JAN 0 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs MARIUSZ UCINSKI and WOJTEK TANKIELUN, on behalf of the putative class, by their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC, allege as follows:

### NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and New York Labor Law § 652, and N.Y. CODES RULES AND REGULATIONS TITLE 12 §§142-2.2, and NYCRR 142-2.4 to recover unpaid overtime compensation owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by Defendants NEW YORK INTERIOR CONSTRUCTION, INC. and its affiliates, subsidiaries and related entities (collectively "NY

Interior"), THE MANAGEMENT GROUP, INC. and its affiliates, subsidiaries and related entities ( collectively "Management Group"), FRED TAVERNA ("Taverna") and DEAN LARKEY ("Larkey") (collectively the "Defendants").

2. Beginning in approximately 2002 and upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work over 10 hours per day, without providing overtime compensation as required by applicable federal and state law.

3. Under the direction of the corporate directors, Taverna and Larkey, Management Group and NY Interior instituted this practice of depriving their employees of the basic compensation for work performed in excess of 40 hours per week as mandated by federal and state law.

4. The named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees compensation, including overtime compensation, they were deprived of, plus interest, damages, attorneys' fees, and costs.

## **JURISDICTION**

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

6. The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

7. The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## **VENUE**

8. Venue for this action in the Southern District of New York under 28 U.S.C. §139(b) is appropriate as Defendant New York Interior Design maintains its principal place of business in the Southern District of New York.

## **THE PARTIES**

9. Plaintiffs, are individuals residing in the State of New York who performed labor for Defendants.

10. Upon information and belief, Defendant New York Interior Construction, Inc. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 7 Penn Plaza, New York, NY 10001, engaged in the construction business.

11. Upon information and belief, Defendant The Management Group, Inc. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 31 Chestnut Avenue, Pelham, NY 10583 engaged in the construction business.

12. Upon information and belief, Fred Taverna is a resident of New York, residing at 31 Chestnut Avenue, Pelham, NY 10583 and is, and at all relevant times was an officer, director and/or owner of Defendant Management Group, which is a closely held corporation, as defined by the Business Corporations Law.

13. Upon information and belief, Dean Larkey is a resident of New York, residing at 7 Penn Plaza, New York, NY 10001 and is, and at all relevant times was an officer, director and/or owner of Defendant NY Interior Construction, which is a closely held corporation, as defined by the Business Corporations Law.

## CLASS ALLEGATIONS

14. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules and under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

15. This action is brought on behalf of Plaintiffs and a class consisting of each and every other person who performed work for Defendants other than office and executive personnel.

16. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

17. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

18. The claims of Plaintiffs are typical of the claims of the putative class.

19. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTS

21. Upon information and belief, beginning in or about 2002, Defendants employed Plaintiffs and other members of the putative class to perform work as carpenters, laborers, painters, mechanics and in other construction related trades.

22. Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class were typically required to work in excess of nine hours each day.

23. Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class were required to typically required to work five and six days each week.

24. Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class did not receive any wages for the time in which they worked after the first forty hours in any given week.

25. Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

26. Upon information and belief, Taverna was the president of Defendant Management Group, and (i) has the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for the employees; and (iv) maintained employment records for the company.

27. Upon information and belief, Taverna was the president of Defendant Management Group, and (i) has the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for the employees; and (iv) maintained employment records for the company.

28. Upon information and belief, Larkey was the president of Defendant NY Interior, and (i) has the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for the

employees; and (iv) maintained employment records for the company.

29. Upon information and belief, Defendant Taverna was the principal and sole owner of Management Group, dominated the day-to-day operating decisions of Management Group, and made major personnel decisions for Management Group.

30. Upon information and belief, Defendant Larkey was the principal and sole owner of NY Interior, dominated the day-to-day operating decisions of NY Interior, and made major personnel decisions for NY Interior.

31. Upon information and belief, Larkey and Taverna had complete control of the alleged activities of the Defendants Management Group and NY Interior which give rise to the claims brought herein.

### FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS --
### FLSA OVERTIME COMPENSATION

32. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 31 hereof.

33. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

34. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an

employer) or anyone acting in the capacity of officer or agent of such labor organization."

35. Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

36. Defendants NY Interior and Management Group are employers, within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

37. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Larkey and Taverna are each defined as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

38. Upon information and belief, Defendants individually and collectively failed to pay Plaintiffs and other members of the putative class any wages for the time in which they worked after the first forty hours in any given week.

39. Upon information and belief, Defendants individually and collectively failed to pay Plaintiffs and other members of the putative class any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

40. The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

41. By the foregoing reasons, Defendants NY Interior, Management Group, Larkey and Taverna, collectively and individually are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS --
## FAILURE TO PAY WAGES

42. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 41 hereof.

43. Pursuant to the Article Six of the New York Labor Law, workers, such as the Plaintiffs and the members of the putative class are protected from wage underpayments and improper employment practices.

44. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

45. As persons employed for hire by Defendants, Plaintiffs and the members of the putative class are "employees," as understood in Labor Law § 190.

46. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

47. As an entity that hired the Plaintiffs and members of the putative class, NY Interior and Management Group are employers.

48. Upon information and belief, pursuant to Labor Law § 190 and the cases interpreting same, Larkey and Taverna are each deemed to be an employer under Labor Law § 190.

49. Plaintiffs' agreed upon wage rate and/or overtime compensation rate were within the meaning of New York Labor Law §§ 190, 191.

50. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs and the putative class members, are entitled to be paid all their weekly wages "not later

-8-

than seven calendar days after the end of the week in which the wages are earned."

51. In failing to pay Plaintiffs and other members of the putative class any wages and overtime payments for time worked after forty hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiffs and the putative class member all of their wages earned within the week such wages were due.

52. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and the putative class members, that is not otherwise authorized by law or by the employee.

53. By withholding wages and overtime payments for time worked after forty hours in one week from Plaintiffs and the putative class, pursuant to Labor Law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs and the members of the putative class.

54. Upon information and belief, Defendants failure to pay the Plaintiffs and the putative class members wages and overtime payments for time worked after forty hours in one week was willful.

55. By the foregoing reasons, Defendants have each violated Labor Law § 198 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections, and to the extent such putative class members opt out of the putative class, liquidated damages in the amount equal to 25% of the unpaid wages.

### THIRD CAUSE OF ACTION, AGAINST DEFENDANTS -- NEW YORK OVERTIME COMPENSATION LAW

56. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 55

hereof.

57. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

58. New York Labor Law Section 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

59. Upon information and belief, Plaintiffs and the members of the putative class worked more than forty hours a week while working for Defendants.

60. Upon information and belief, Plaintiff received no wages or overtime compensation for the hours worked after the first forty hours of work in a week.

61. Consequently, by failing to pay to Plaintiffs and the other member of the putative class wages and overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2

62. Defendants' individual and collective failure to pay wages and overtime compensation for work they performed after the first forty hours worked in a week to Plaintiffs and the other member of the putative class was willful.

63. By the foregoing reasons, Defendants have violated Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.

### FOURTH CAUSE OF ACTION, AGAINST DEFENDANTS -- NEW YORK SPREAD OF HOURS LAW

64. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 hereof.

65. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

66. Upon information and belief, Defendants required that Plaintiffs and the members of the putative class typically work more than ten hours in a day.

67. Upon information and belief, Defendants did not pay Plaintiffs and the putative class members an additional hour's pay when Plaintiffs and the members of the putative class worked more than 10 hours in a day.

68. Consequently, by failing to pay to Plaintiffs and the other member of the putative class an additional hour's pay when Plaintiffs and the members of the putative class worked more than 10 hours in a day, Defendants violated 12 NYCRR § 142-2.4.

69. Defendants' failure to pay spread of hours compensation for work performed by Plaintiffs and the members of the putative class after 10 hours in day was willful.

70. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.

## FIFTH CAUSE OF ACTION
## AGAINST DEFENDANTS LARKEY AND TAVERNA --
## BCL PERSONAL LIABILITY

71. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 70 hereof.

72. Defendants NY Interior and Management Group are closely held corporations within the meaning of Business Corporations Law §630.

73. Plaintiffs and other members of the putative class are laborers, within the meaning contemplated in Business Corporations Law § 630, who performed services for Defendants NY Interior and Management Group. Plaintiffs and other member of the putative class are entitled, by law, to receive wages for the work they performed. They have not, however, received wages and overtime payments for the time worked after the first forty hours of work in any week and for their spread of hours. Therefore, Defendants NY Interior and Management Group each owe a debt to Plaintiffs and other member of the putative class for wages earned.

74. Plaintiffs, pursuant to the requirements set forth in Business Corporations Law §630, served notice upon Defendants Larkey and Taverna that they intend to hold the applicable shareholders liable for the unpaid wages.

75. Defendants Taverna and Larkey each violated Business Corporations Law §630 by failing to pay the unpaid wages owed to Plaintiffs and other members of the putative class, pursuant to his responsibility as one of the ten largest shareholders of a closely held corporation.

76. Upon information and belief, Defendants Taverna and Larkey's failure to pay the wages owed to Plaintiffs and other members of the putative class was willful.

77. By the foregoing reasons, pursuant to the above cited Business Corporations Law Defendants Larkey and Taverna are each liable to Plaintiff and other members of the putative

class in an amount to be determined at trial, plus interest, attorney's fees and costs, and liquidated damages where provided by law.

WHEREFORE, Plaintiffs and the members of the putative class demand judgment:

(1) on their first cause of action, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections, and to the extent such putative class members opt out of the putative class, liquidated damages in the amount equal to 25% of the unpaid wages;

(3) on their third cause of action, in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(4) on their fourth cause of action, in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(5) on their fifth cause of action, in an amount to be determined at trial, plus interest, attorney's fees and costs, and liquidated damages where provided by law;

(6) such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 3, 2008

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD PLLC

By:_____
   Lloyd R. Ambinder
*Attorneys for Plaintiffs
and the Putative Class*
111 Broadway, 14th Floor
New York, New York 10006
(212) 943-9080