**LAW OFFICES OF SCOTT D. BRENNER**
*Attorney for Defendants*
*NEW YORK INTERIOR CONSTRUCTION, INC.,*
*THE MANAGEMENT GROUP, INC., and*
*FRED TAVERNA*
Scott D. Brenner (SB-4264)
66 Reade Street
New York, New York 10007
(646) 330-4725

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIUSZ UCINSKI and WOJTEK                    :
TANKIELUN, individually and on behalf of all  :
other persons similarly situated who were     :
employed by NEW YORK INTERIOR                 :
CONSTRUCTION, INC. and THE                    :    08 CV 0088 (LAP)
MANAGEMENT GROUP, INC.,                       :
                                              :
                              Plaintiff,      :    **ANSWER TO FIRST AMENDED**
                                              :    **CLASS ACTION COMPLAINT**
            -against-                         :
                                              :
NEW YORK INTERIOR CONSTRUCTION OF             :
NY, INC. and its affiliates, subsidiaries and :
related entities, THE MANAGEMENT GROUP,       :
INC., and its affiliates, subsidiaries and related :
entities, and FRED TAVERNA,                   :
                                              :
                              Defendants.     :
-------------------------------------------------------------x

Defendants, NY Interior Construction of NY, Inc., named wrongly in the First Amended Class Action Complaint ("Complaint") as "New York Interior Construction of NY, Inc." and its affiliates, subsidiaries and related entities ("NY Interior"), THE MANAGEMENT GROUP, INC., and its affiliates, subsidiaries and related entities ("Management Group"), and FRED TAVERNA, by their attorney, Law Offices of Scott D. Brenner, as and for its Answer to the Complaint, allege as follows:

## NATURE OF ACTION

1. Deny the allegations set forth in Paragraph "1" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

2. Deny the allegations set forth in the Paragraph "2" of the Complaint.

3. Deny the allegations set forth in the Paragraph "3" of the Complaint.

4. Deny knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "4" of the Complaint.

## JURISDICTION

5. Deny the allegations set forth in Paragraph "5" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

6. Deny the allegations set forth in Paragraph "6" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

7. Deny the allegations set forth in Paragraph "7" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

## VENUE

8. Deny the allegations set forth in Paragraph "8" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court. As an exception to the

foregoing, admits that Defendant NY Interior maintains its principal place of business in the Southern District of New York.

## THE PARTIES

9.  Deny knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "9" of the Complaint, deny that Plaintiffs performed labor for Defendants Management Group and Fred Taverna, and admits only that Plaintiffs Mariusz Ucinsky ("Ucinski") and Wojtek Tankielun ("Tankielun") performed labor for Defendant NY Interior.

10. Admit the allegations set forth in Paragraph "10" of the Complaint insofar as it alleges that Defendant NY Interior maintains its principal executive office at 31 Chestnut Avenue, Pelham, NY, 10583 and is engaged in the construction business.  Such Defendant also maintains a principal business office at 66 Reade Street, New York, NY  10007.

11. Admit the allegations set forth in Paragraph "11" of the Complaint insofar as it alleges that Defendant Management Group maintains its principal executive office at 31 Chestnut Avenue, Pelham, NY, 10583 and is engaged in the construction business.  Such Defendant also maintains a principal business office at 66 Reade Street, New York, NY  10007.

12. Admit the allegations set forth in Paragraph "12" of the Complaint.

13. Admit the allegations set forth in Paragraph "13" of the Complaint.

## CLASS ALLEGATIONS

14.	Deny the allegations set forth in Paragraph "14" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

15.	Deny knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "15" of the Complaint.

16.	Deny the allegations set forth in Paragraph "16" of the Complaint.

17.	Deny the allegations set forth in Paragraph "17" of the Complaint.

18.	Deny knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "18" of the Complaint.

19.	Deny the allegations set forth in Paragraph "19" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

20.	Deny the allegations set forth in Paragraph "20" of the Complaint.

## FACTS

21.	Admit the allegations set forth in Paragraph "21" only as it pertains to Ucinski and Tankielun except deny that such defendants performed work in other construction related trades, and deny knowledge sufficient to form a belief as to the truth or falsity of such allegations insofar as the members of the putative class are not currently known.

22.     Deny the allegations set forth in Paragraph "22" of the Complaint except admit that on certain days certain employees requested overtime and were given the opportunity to work in excess of eight hours.

23.     Deny the allegations set forth in Paragraph "23" of the Complaint except admit that during certain weeks certain employees requested overtime and were given the opportunity to work in excess of four days.

24.     Deny the allegations set forth in Paragraph "24" of the Complaint.

25.     Deny the allegations set forth in Paragraph "25" of the Complaint.

26.     Deny the allegations set forth in Paragraph "26" of the Complaint.

27.     Admit the allegations set forth in Paragraph "27" of the Complaint insofar as they allege that Fred Taverna is the President of NY Interior, (i) has the power to hire and fire employees, (ii) has supervised and controlled employee work schedules or conditions of employment, (iv) has determined the rate and method of payment for the employees, and (v) has maintained employment records for the company, but deny that he has the sole and exclusive power over and responsibility for the listed alleged activities.

28.     Admit the allegations set forth in Paragraph "28" of the Complaint.

29.     Admit the allegations set forth in Paragraph "29" of the Complaint except deny that Fred Taverna dominates the day to day operating decisions of NY Interior or exclusively makes all such decisions or exclusively makes all personnel decisions for NY Interior.

30.     Deny the allegations set forth in Paragraph "30" of the Complaint except insofar as alleged in Paragraph "28" of the Complaint.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS –
## FSLA OVERTIME COMPENSATION

31.      Repeat and re-allege the full text of each response in this Answer to Paragraphs "1" through "30" of the Complaint as if more fully set forth at length in response to paragraph "31" of the Complaint.

32.      Deny the allegations set forth in Paragraph "32" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

33.      Deny the allegations set forth in Paragraph "33" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

34.      Deny the allegations set forth in Paragraph "34" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

35.      Deny the allegations set forth in Paragraph "35" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

36.      Deny the allegations set forth in Paragraph "36" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

37.      Deny the allegations set forth in Paragraph "37" of the Complaint.

38.      Deny the allegations set forth in Paragraph "38" of the Complaint.

39.      Deny the allegations set forth in Paragraph "39" of the Complaint.

40.      Deny the allegations set forth in Paragraph "40" of the Complaint.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS – FAILURE TO PAY WAGES

41. Repeat and re-allege the full text of each response in this Answer to Paragraphs "1" through "30" of the Complaint as if more fully set forth at length in response to paragraph "41" of the Complaint.

42. Deny the allegations set forth in Paragraph "42" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

43. Deny the allegations set forth in Paragraph "43" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

44. Deny the allegations set forth in Paragraph "44" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

45. Deny the allegations set forth in Paragraph "45" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

46. Deny the allegations set forth in Paragraph "46" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

47. Deny the allegations set forth in Paragraph "47" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

48. Deny the allegations set forth in Paragraph "48" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

49. Deny the allegations set forth in Paragraph "49" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

50. Deny the allegations set forth in Paragraph "50" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

51. Deny the allegations set forth in Paragraph "51" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

52. Deny the allegations set forth in Paragraph "52" of the Complaint.

53. Deny the allegations set forth in Paragraph "53" of the Complaint.

54. Deny the allegations set forth in Paragraph "54" of the Complaint.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS – NEW YORK OVERTIME COMPENSATION LAW

55. Repeat and re-allege the full text of each response in this Answer to Paragraphs "1" through "55" of the Complaint as if more fully set forth at length in response to paragraph "55" of the Complaint.

56. Deny the allegations set forth in Paragraph "56" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

57. Deny the allegations set forth in Paragraph "57" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

58. Deny the allegations set forth in Paragraph "58" of the Complaint insofar as it refers to each and every week of employment.

59. Deny the allegations set forth in Paragraph "59" of the Complaint.

60. Deny the allegations set forth in Paragraph "60" of the Complaint.

61. Deny the allegations set forth in Paragraph "61" of the Complaint.

62. Deny the allegations set forth in Paragraph "62" of the Complaint.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS – NEW YORK SPREAD OF HOURS LAW

63. Repeat and re-allege the full text of each response in this Answer to Paragraphs "1" through "61" of the Complaint as if more fully set forth at length in response to paragraph "63" of the Complaint.

64. Deny the allegations set forth in Paragraph "64" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

65. Deny the allegations set forth in Paragraph "65" of the Complaint except admit that on certain days certain employees requested overtime and were given the opportunity to work in excess of eight hours.

66. Deny the allegations set forth in Paragraph "66" of the Complaint.

67. Deny the allegations set forth in Paragraph "67" of the Complaint.

68. Deny the allegations set forth in Paragraph "68" of the Complaint.

69. Deny the allegations set forth in Paragraph "69" of the Complaint.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANT TAVERNA BCL PERSONAL LIABILITY

70. Repeat and re-allege the full text of each response in this Answer to Paragraphs "1" through "70" of the Complaint as if more fully set forth at length in response to paragraph "70" of the Complaint.

71. Deny the allegations set forth in Paragraph "71" of the Complaint. Such allegations constitute conclusions of law to be determined by this Court.

72. Deny the allegations set forth in Paragraph "72" of the Complaint. To the extent such allegations constitute conclusions of law they are to be determined by this Court.

73. Admit only that Fred Taverna received a written document dated January 3, 2008, entitled "NOTICE TO SHAREHOLDERS PURSUANT TO SECTION 630 OF THE NEW YORK BUSINESS CORPORATION LAW," which purports to hold him personally liable as a shareholder of Management Group for unpaid wages with respect to Management Group employees.

74. Deny the allegations set forth in Paragraph "74" of the Complaint.

75. Deny the allegations set forth in Paragraph "75" of the Complaint.

76. Deny the allegations set forth in Paragraph "76" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

77. The Complaint fails to state a claim against the Defendants for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

78. Some or all of Plaintiff's claims, including those of the Putative Class, are barred by the applicable statutes of limitations, including but not limited to 29 U.S.C. 255.

## THIRD AFFIRMATIVE DEFENSE

79. Upon information and belief, the individual Defendant is not an "employer" within the purview of the statutes alleged.

### FOURTH AFFIRMATIVE DEFENSE

80. Plaintiff's causes of action, including those of the putative class, are barred by the doctrines of unclean hands, estoppel and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

81. At all relevant times the Defendants and their management acted in good faith belief that they were in compliance with all applicable statues, laws and regulations concerning payment of wages, overtime, and any other compensation owed to Plaintiffs, including the putative class, and not in willful disregard of their rights.

### SIXTH AFFIRMATIVE DEFENSE

82. Defendants are not liable for liquidated damages because the acts or omissions giving rise to any claims alleged by Plaintiffs, including the putative class, were in good faith, and Defendants had reasonable grounds for believing that any such acts or omissions did not violate the statutes alleged to have been violated.

### SEVENTH AFFIRMATIVE DEFENSE

83. Plaintiffs and the putative class are not entitled to class certification and cannot meet such requirements. The claims asserted in the Complaint involve the predominance of individual fact analysis in terms of without limitation the amount of overtime pay claimed to be due and owing. For example, again without limitation, each potential class member was paid on

an individual basis dependent upon the amount of overtime that worker incurred, which is best resolved on a case by case basis. Class resolution would not be an equitable or superior method of adjudication.

WHEREFORE, Defendants demand judgement dismissing the Complaint in its entirety together with the costs, expenses and attorneys' fees in this action and such other further relief as to this Court appears just and proper.

Dated: New York, New York
April 30, 2008

                              **LAW OFFICES OF
SCOTT D. BRENNER**
*Attorney for Defendants*

By: _____

Scott D. Brenner (SB-4264)
66 Reade Street, Second Floor
New York, NY 10007
(646) 330-4725

To:

Lloyd R. Ambinder (LA-4122)
**BARNES, IACCARINO,
VIRGINIA, AMBINDER
& SHEPHERD PLLC**
*Attorneys for Plaintiff*
111 Broadway, 14th Floor
New York, NY 10006
(212) 943-9080

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )  ss.: New York City
COUNTY OF NEW YORK )

      Sheryl Brenner, being duly sworn, deposes and says:

1.     I am over the age of 18 and not a party to this action.

2.     That on April 30, 2008, I served the within Answer to First Amended Class Action Complaint, enclosed in a post paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the following persons at the last known address set forth after each name:

Lloyd R. Ambinder, Esq.
BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD PLLC
111 Broadway, 14th Floor
New York, NY 10006

                                              _____
                                                     Sheryl Brenner

Sworn to before me this 30th day
of April, 2008.

_____
            Notary Public

SCOTT D. BRENNER
Notary Public, State Of New York
No. 02BR6048635
Qualified In New York County
Commission Expires 09/25/2006
03/23/2011

13